In the Matter of CITY OF SYRACUSE et al., Respondents, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered June 24, 1983 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Board of Equalization and Assessment establishing a 1981 final equalization rate for the City of Syracuse. ¶ In March, 1982, respondent, State Board of Equalization and Assessment (SBEA), established a tentative equalization rate of 22.95% for petitioner City of Syracuse. The rate was based on appraisals of 68 parcels of land located in the city. The parcels were randomly selected from each value interval of the five use classifications within which all city properties fall. The appraisals were conducted by SBEA's Bureau of Property Valuation. ¶ The city challenged the rate, claiming that it should be 31.58%. The city derived its rate from a study completed by two appraisal consultants. The study based its rate on the sales price of all of the arm's length sales (totaling 2,078) occurring in the city in the base year. Following a hearing conducted pursuant to section 1208 of the Real Property Tax Law, SBEA rendered a determination confirming the rate of 22.95% as the final equalization rate for the city. ¶ The city thereafter commenced a CPLR article 78 proceeding on November 23, 1982 pursuant to section 760 of the Real Property Tax Law (repealed by L 1982, ch 714, § 25, eff Jan. 1, 1983) to review the final rate. To establish the validity of its determination, SBEA produced the following at Special Term: (a) a manual setting forth the procedures it followed in establishing equalization rates for the various municipalities throughout the State; (b) a computer printout setting forth statistics on the five broad use classes and intervals therein, the

specific parcels appraised, and the calculations thereafter performed to arrive at the rate of 22.95%; and (c) the text of a statistical review performed by an independent research company in 1978 at the request of SBEA. That review assessed SBEA's use of sales data in establishing equalization rates and concluded that the margin of statistical error was greater using sales data as a factor in deriving equalization rates than with the appraisal method. Special Term concluded that SBEA has not met its burden of establishing the validity of its final rate and granted the petition. We disagree. ¶ The establishment of an equalization rate is a quasi-judicial determination which must be supported by substantial evidence (*Matter of County of Nassau v State Bd. of Equalization & Assessment,* 80 AD2d 9, 11). The issue before Special Term was not whether the city's method was more accurate, but rather whether SBEA's rate was established by an adequate method. It should be noted that when the goal of the method of determining property values is to establish State-wide equalization rates, as opposed to individual assessments or awards, standardized methods are essential. In the present case, we believe that the validity of the rate is supported by substantial evidence in the record. To support its determination, SBEA must provide "detailed explanations of both the methodology used in calculating equalization rates in general and the specific property value figures utilized in determining the rates" (*Matter of County of Nassau v State Bd. of Equalization & Assessment,* 91 AD2d 53, 55), which they have done in the present case. ¶ Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.