■ In the Matter of CITY OF SYRACUSE et al., Petitioners, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. — Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which established a 1982 final equalization rate for the City of Syracuse.

In this proceeding, petitioners seek judicial review and annulment of respondent's determination, made after a hearing pursuant to Real Property Tax Law § 1208, which established the city's 1982 equalization rate. This case closely parallels the case between these same parties in which petitioners sought review of the 1981 equalization rate (*see, Matter of City of Syracuse v State Bd.,* 101 AD2d 653), wherein this court upheld respondent's determination and establishment of that rate.

Petitioners initially challenge the limited nature of the hearing, alleging that it was unduly restricted in that respondent failed to offer any evidence either in support of its methodology and bases for its determination or in opposition to petitioners' proof. Petitioners have misconceived the purpose and nature of the hearing held upon its complaint to the tentative rate. In *Matter of County of Nassau v State Bd.* (80 AD2d 9), this court held that a governmental unit complaining about its equalization rate at a hearing pursuant to Real Property Tax Law § 1208 is "not entitled to a full hearing under either the State Administrative Procedure Act or the Real Property Tax Law" (*supra,* at p 11). It is equally clear that these hearings are not adversarial in nature, that the taking of testimony and proof is discretionary (*see,* Real Property Tax Law § 512 [3]; § 525 [2]; § 1208) and that respondent is free, when calculating the final equalization rate, to consider internal memoranda and reports that are not actually spread upon the record at the hearing (*see, Matter of McSpedon v Roberts,* 117 Misc 2d 679, 683-685).[*]

Petitioners next contend that the subject determination is erroneous because it is not supported by substantial evidence, that the appraisal methodology is not the most reliable available and that its use of 68 selected parcel appraisals presents

---

[*] In their brief, petitioners essentially concede that the hearing is nonadversarial in nature.

inaccurate results since the appraisals of 17 of those parcels were impeached. We disagree. As we held in our previous decision: "To support its determination, [respondent] must provide 'detailed explanations of both the methodology used in calculating equalization rates in general and the specific property value figures utilized in determining the rates' (*Matter of County of Nassau v State Bd. of Equalization & Assessment,* 91 AD2d 53, 55), which they have done in the present case." (*Matter of City of Syracuse v State Bd., supra,* p 654.) So it is here where respondent utilized the same method of calculating the 1982 equalization rate that it utilized in determining the 1981 rate, to wit, the use of selected parcel appraisals instead of actual sales results. To substantiate its determination, respondent submitted internal memoranda explaining its rate-making methodology, the text of a statistical review performed in 1978 demonstrating the statistical bases for using appraisal values instead of sales values, and a computer printout setting forth the calculations utilized to arrive at the tentative rate of 22.89%. Additionally, respondent provided a rate complaint report used to adjust the tentative rate to 22.93%, the city's final 1982 equalization rate.

The issue before us again is not whether petitioners' methodology was more extensive or accurate, but, rather, whether respondent's rate was established by an adequate method (*Matter of City of Syracuse v State Bd., supra,* p 654). Since State-wide equalization rates rather than individual assessments must be established, respondent must achieve standardization through its methodology. Those cases cited by petitioners to support their argument that market values, as opposed to subjective appraisals, constitute proof of the highest rank are inapposite in that each involves assessment of individual properties rather than the equalization rate of an entire community (*see, e.g., Grant Co. v Srogi,* 52 NY2d 496; *Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273; *Matter of Woolworth Co. v Tax Commn.,* 20 NY2d 561). In sum, we find that the evidence substantially supports respondent's determination and find no reason to depart from our earlier holding in *Matter of City of Syracuse v State Bd.* (*supra*) (*see, Matter of Town of Smithtown v Moore,* 11 NY2d 238, 247).

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

