■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION et al., Appellants, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered December 4, 1984 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul 9 NYCRR part 197 and 9 NYCRR 195-3.5 (c).

Petitioners, various public utilities operating in this State, seek to annul certain regulations of respondent. The challenged regulations, 9 NYCRR part 197 and 9 NYCRR 195-3.5 (c), establish, *inter alia,* a methodology for the valuation of special franchises. Briefly stated, petitioners contend that the regulations create an inflexible formula which does not accurately reflect the value of the special franchises and that the regulations are thus inconsistent with the underlying statute (Real Property Tax Law § 600 [1]). Petitioners also contend that the regulations are arbitrary and capricious since they limit the amount of physical depreciation allowed, do not allow for adjustments for piecemeal construction and substitute materials for functional obsolescence, and do not allow for an economic obsolescence adjustment resulting from governmental regulations.

Petitioners hold special franchises from various municipalities entitling them to operate facilities located in the public right-of-way. Special franchise property consists of both the

tangible physical property and the intangible right to use the public way (Real Property Tax Law § 102 [17]; *Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment,* 65 NY2d 472, 482). Special franchise property is defined as real property (Real Property Tax Law § 102 [12] [h]) and is subject to annual assessment by respondent (Real Property Tax Law § 600). The assessment is made at a uniform percentage of the value of the special franchise *(see,* Real Property Tax Law § 305 [2]). Since there is not a market for special franchises, complex procedures must be devised to determine the value of the franchise as special property.

In 1977, the American Appraisal Company was hired by respondent to conduct a study of the methodology used by respondent in appraising public utility facilities for property tax purposes. In 1978, the American Appraisal Company issued a detailed report in which it set forth suggested improvements for the valuation of utility property. It should be noted that the theories underlying some of the recommendations of the report were not supported by the law as construed by the courts of this State. Thus, although respondent admitted that from an appraisal theory viewpoint some of the arguments were well articulated, it was nevertheless bound to follow the law as it existed. Based upon this report, its own expertise and its past methods of valuing property, respondent proposed certain rules to aid it in valuing utility property.

Notice of the proposed rules was published in the *State Register* and, during June of 1983, five public hearings were conducted at various locations throughout the State. A report was issued and sent to interested parties soliciting additional comment. Respondent extended the comment period through October 1983, during which time it received extensive oral and written comments from some 26 individuals, including appraisal experts, representing numerous associations, utilities and municipalities. After considering the record of public hearings and the report of its hearing officers, respondent, in December 1983, adopted the regulations at issue herein and published an accompanying report entitled "Report on Special Franchise Assessment Administration". These regulations established a single valuation method for special franchises based upon the "reproduction cost new less depreciation" (RCNLD) method of valuation.

In April 1984, petitioners commenced this CPLR article 78 proceeding seeking to annul these regulations. In November 1984, Special Term dismissed the petition in all respects and this appeal by petitioners ensued.

At the outset, we address ourselves to the collateral estoppel defense asserted by respondent. It should be noted that it does not claim issue preclusion in its answer. It admits that only two of the seven petitioners herein were parties in the proceedings which led to the Court of Appeals decision in *Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment* (65 NY2d 472, *supra*), the decision respondent relies upon in claiming issue preclusion. Due process does not permit a litigant to be bound by an adverse determination made in a prior proceeding to which he was not a party or in privity with a party (see, *Gilberg v Barbieri*, 53 NY2d 285, 291). As to those two petitioners who were parties in the prior proceedings, it is obvious that their proceedings did not encompass the broad relief demanded herein. Consequently, we hold that the decision in *Brooklyn Union Gas* is not determinative of the issue herein except that specific principles were enunciated which are binding upon all litigants in all actions involving franchise assessments.

Petitioners contend essentially that the regulations produce an inflexible formula which fails to adequately reflect depreciation, and does not include certain factors relative to economic obsolescence and functional obsolescence. The issue for our determination is not whether petitioners' method is more accurate, but whether respondent's method is statutorily adequate (see, *Matter of City of Syracuse v State Bd. of Equalization & Assessment*, 101 AD2d 653, 654, *affd* 64 NY2d 894). A review of the regulations reveals that they provide respondent with adequate flexibility. Upon an appropriate challenge by a special franchise owner, respondent can modify the assessment (9 NYCRR 197-2.1 [d]). Petitioners can contest the elements of valuation used in the computation of the special franchise assessment (9 NYCRR 197-3.10 [c]). If successful, the general rules complained of here by petitioners will not be applied in the computation of the special franchise assessment (9 NYCRR 197-3.10 [c]). This certainly provides flexibility and a chance for petitioners to have respondent consider the factors they deem significant. Additionally, petitioners are permitted to contest any assessment they feel is unjust (Real Property Tax Law § 740 *et seq.*). Here, none of the petitioners have attempted to obtain a modification of assessment from respondent. Indeed, we note that petitioners have not alleged that they have been damaged in fact by an application of the methodology of assessment prescribed by the regulations. Accordingly, on the facts before this court, we conclude that petitioners have neither demonstrated that the regulations

are affected by an error of law nor that they are arbitrary and capricious *(see, Molina v Games Mgt. Servs.,* 58 NY2d 523, 529).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.