■ In the Matter of TOWN OF PATTERSON, Petitioner, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. —Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which established petitioner's State equalization rate for the year 1988.

In October 1988, respondent established a tentative equalization rate of 8.75% for petitioner, the Town of Patterson in Putnam County, for the year 1988. Notification of the tentative rate was then sent to petitioner, along with a copy of the data used for its computation. Thereafter, petitioner filed a timely complaint, including documentation, challenging respondent's valuation of 40 parcels of vacant land. In December 1988, petitioner was afforded a hearing pursuant to RPTL 1208 at which it did not appear.

Upon review of petitioner's complaint, 14 of the 40 objections were rejected by respondent without review due to insufficient documentation, three resulted in downward adjustments in valuation and the remaining 23 resulted in no valuation changes. Respondent ultimately adopted a final equalization rate of 8.96%. Dissatisfied with that rate, petitioner commenced the instant CPLR article 78 proceeding, subsequently transferred to this court, seeking a judgment annulling respondent's determination.

Petitioner's main contention in this proceeding is that, in arriving at the final equalization rate, respondent acted arbitrarily by rejecting the majority of its alternative sales of

comparable parcels and by refusing to review 14 of its objections. We disagree. It is well established that an equalization rate determination by respondent must be sustained if it is supported by substantial evidence in the record *(see, Matter of Town of Smithtown v Moore,* 11 NY2d 238, 247; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d 653, 654, *affd* 64 NY2d 894). Our review of the record in this case leads us to conclude that such evidence exists. With regard to the 23 complaints reviewed and rejected by respondent, a factual basis for each of the rejections was set forth, detailing why the sales of comparable parcels proposed by petitioner were not appropriate for use in the appraisal process *(cf., Matter of County of Nassau v State Bd. of Equalization & Assessment,* 80 AD2d 9, 11-12). While petitioner now claims that respondent improperly rejected several comparable parcels which were sold at tax sales, the record establishes that petitioner failed to submit to respondent adequate documentation rebutting the presumption that such sales were not arm's length transfers *(see,* 9 NYCRR 191-1.1 [a] [3]). Thus, we cannot conclude that respondent improperly determined that those sales were not "usable sales" *(see,* 9 NYCRR 191-1.1 [x]).

Petitioner also contends that respondent arbitrarily rejected various other proffered sales of comparable parcels based upon its determination that the prices paid were too low. However, respondent concluded that these other sales were not usable because they were either executed under some circumstances indicating that they were not arm's length transfers *(see,* 9 NYCRR 191-1.1 [a]) or reflected a price significantly lower than sales of similar properties in the area or of the same property at an earlier date. In several instances, the disputed transfers involved sales between relatives *(see,* 9 NYCRR 191-1.1 [a] [1]) or land contract sales *(see,* 9 NYCRR 191-1.1 [a] [4]) and, in one case, respondent found the recent sale of a nine-parcel tract to be unusable as it included a trade of property and involved, *inter alia,* a seller who was under indictment. Here, again, petitioner failed to submit any documentation showing that the subject sales were arm's length transfers, i.e., those where the sale was "of a fee or all undivided interests in real property in the open market, between an informed and willing buyer and seller where neither [was] under any compulsion to participate in the transaction, unaffected by any unusual conditions indicating a reasonable possibility that the full sales price [was] not equal to the fair market value of the property" (9 NYCRR 191-1.1 [a]). Consequently, we cannot conclude that respondent's determination was without a rational basis.

Finally, as to petitioner's 14 complaints which were not reviewed because of inadequate documentation, it is our view that respondent acted reasonably in rejecting those complaints because petitioner failed to comply with the documentation regulations contained in 9 NYCRR subpart 186-15, which were provided to it by respondent in a publication entitled "State Equalization Rates for 1988 Assessment Rolls/Determinations and Complaint Procedures".

Our conclusion that respondent's determination was reasonable obviates petitioner's remaining argument that the final equalization rate resulted in a denial of its right to equal protection.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.