■ In the Matter of CITY OF WHITE PLAINS, Appellant, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. [613 NYS2d 439] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Equalization and Assessment establishing a final State Equalization Rate for 1989, the City of White Plains, appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), entered February 5, 1992, which upon granting the petition and annulling the determination, remitted the matter to the New York State Board of Equalization and Assessment to recompute the 1989 State Equalization Rate using actual rents instead of estimated rents, but failed to require the New York State Board of Equalization and Assessment to consider the petitioner's claims, *inter alia,* that the equalization rate was based on erroneous vacancy rates and capitalization rates.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The New York State Board of Equalization and Assessment (hereinafter SBEA) is the State agency charged with the duty to establish equalization rates for the various municipalities in the State *(see,* RPTL 202; *Matter of Town of Smithtown v Moore,* 11 NY2d 238, 242). RPTL 1202 (1) (a) requires the SBEA to establish these rates for the assessment roll prepared each year by cities, towns and villages. These rates are regarded as objectively and expertly determined *(see, Guth Realty v Gingold,* 34 NY2d 440, 449-450). Although the determination establishing equalization rates is not made by means of an adjudicatory proceeding within the meaning of the State Administrative Procedure Act article 3, nevertheless it is a quasi-judicial determination *(see, Matter of County of Nassau v State Bd. of Equalization & Assessment,* 80 AD2d 9, 11) which must be sustained if it is supported by substantial evidence in the record *(see, Matter of Town of Smithtown v Moore, supra,* at 247; *Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820, 821).

If a municipality objects to the proposed equalization rate it may serve a "complaint" on the SBEA setting forth its specific objections *(see,* 9 NYCRR 186-15.2 [a], [b]). The municipality must provide "specific documentation" to support each of its objections (9 NYCRR 186-15.2 [c] [6]). Where a municipality fails to comply with the documentation requirements of 9 NYCRR 186-15.2, the SBEA may reasonably reject the complaint or specific objections contained therein *(Matter of Town of Patterson v State Bd. of Equalization & Assessment, supra,* at 822).

Our review of the record in this case leads us to conclude that the determination of the SBEA is supported by substantial evidence. As to the City's objections which were not reviewed for inadequate documentation, the SBEA acted reasonably in rejecting them because the City failed to comply with the documentation regulations contained in 9 NYCRR 186-15.2, which were provided to it by the SBEA in a publication entitled "State Equalization Rates for 1989 Assessment Rolls Determination and Complaint Procedures".

Our conclusion that the SBEA's determination rejecting the City's objections was reasonable obviates the City's remaining argument that the final equalization rate, based upon a small sample size, resulted in a denial of its right to equal protection *(see, Matter of Town of Patterson v State Bd. of Equalization & Assessment, supra,* at 822). Bracken, J. P., Miller, Copertino and Hart, JJ., concur.