■ In the Matter of INCORPORATED VILLAGE OF LYNBROOK, Petitioner, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. [617 NYS2d 1001] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which established the final State equalization rate for petitioner's 1991 assessment roll.

Petitioner in this CPLR article 78 proceeding is a village within Nassau County and is challenging respondent's establishment of a 17.96% equalization rate for its 1991 assessment roll. It is well established that, when respondent acts within its jurisdiction and, as here, has given the parties a fair hearing, we must confirm its determination provided it is supported by substantial evidence (see, *Matter of Town of Smithtown v Moore,* 11 NY2d 238, 247; *Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820). Further, it is petitioner who must bear the burden of showing that the rate promulgated by respondent lacks a rational basis (see, *Matter of Tenants' Union v Beame,* 40 NY2d 133, 138).

Respondent computed petitioner's 1991 equalization rate by dividing the 1991 assessed value of petitioner's taxable real property by its estimated full value (see, 9 NYCRR 186-2.3). The assessed value of the property was obtained from petitioner's assessor's report for the 1991 assessment roll (see, 9 NYCRR 186-2.4). The estimated full value was derived from respondent's 1987 market value survey (see, 9 NYCRR 186-2.5 [a] [10] [ii]).

Petitioner's principal argument is that the equalization rate established by respondent is too low because of its reliance upon the assessed values assigned by Nassau County to real property located in the Village which are much lower than those established by petitioner's assessor.

We do not accept this argument since it is not supported by the pertinent regulations and there is no proof that respondent did not comply therewith. In this instance, the regulations provided that the estimated full value of the property was to be predicated upon respondent's 1987 market value survey (9 NYCRR 186-2.5). This survey, in turn, was based upon sample properties drawn from petitioner's 1985 assessment roll (9 NYCRR 186-17.13 [a]; 186-23.6 [a]). Further, an analysis of the Nassau County assessed values shows that, if they had been utilized, the equalization rate would have been well below 17.96%. Additionally, while petitioner maintains that respondent's 1987 market value figure of $1,194,387,479 is far fetched, it did not challenge the 1987 sample market values or the methodology by which respondent extrapolated from these values to arrive at a total market value of over $1 billion.

Finally, petitioner's argument that equalization rates should be predicated upon more timely market surveys so they more

accurately reflect current market conditions should be addressed to the Legislature which at present requires that such surveys be conducted once every three years (RPTL 1200 [1]).

Therefore, since the Legislature has provided that equalization rates may be based upon market value surveys (RPTL 1202 [5]), and as petitioner has not established that the 1987 market value survey or respondent's methodology was defective, we find respondent's determination to be supported by substantial evidence. Accordingly, the petition is dismissed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.