■ In the Matter of the TOWN OF HARDENBURGH, Appellant, v STATE OF NEW YORK et al., Respondents. [619 NYS2d 391] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 22, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Board of Equalization and Assessment denying petitioner's request for redetermination of its 1992 State equalization rate.

Petitioner, the Town of Hardenburgh in Ulster County, filed

objections to valuations made by respondent State Board of Equalization and Assessment (hereinafter the SBEA) of 15 of the parcels sampled by the SBEA and used in determining a tentative equalization rate for 1992. Petitioner commenced this proceeding challenging the final equalization rate. Supreme Court, finding that the SBEA's methodology was proper and its decision rational and reasonable, dismissed the petition. Petitioner appeals.

Petitioner contends that the SBEA's explanation and reasoning in rejecting its objections are inadequate as a matter of law. We disagree. The record reveals that the SBEA set forth the factual basis and reasoning for each of its rejections of the comparable parcels proposed by petitioner *(see, Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820, 821). Consequently, we cannot conclude that the SBEA's rejections were without a rational basis or without a basis in law. As the establishment of an equalization rate is a quasi-judicial determination, it must be sustained if, as here, it is supported by substantial evidence in the record *(see, Matter of City of White Plains v New York State Bd. of Equalization & Assessment,* 205 AD2d 771, 772).

Petitioner complains that the use of the assessed valuation of State forest lands in the SBEA's methodology affects the accuracy of the equalization rate. In our opinion, the record sets forth a valid methodology and the specific property values which were used in determining petitioner's equalization rate *(see, Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 108 AD2d 973, 974; *see also, Matter of County of Nassau v State Bd. of Equalization & Assessment,* 91 AD2d 53, 55). The issue is "not whether [petitioner's] method was more accurate, but rather whether [the] SBEA's rate was established by an adequate method" *(Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d 653, 654, *affd* 64 NY2d 894).

Petitioner also contends that a presumption of accuracy attaches to the valuation work of its local assessor, relying upon *Matter of Town of Shandaken v State Bd. of Equalization & Assessment* (63 NY2d 442). In *Town of Shandaken,* the State's role was landowner and real property taxpayer and the town's role was to set the assessed valuation *(supra,* at 447-448). Here, however, in distinctly different proceedings, the responsibility for conducting market value surveys and computing the full value of taxable real property in the establishment of State equalization rates statutorily belongs to the SBEA *(see,* RPTL 1200).

Petitioner's remaining contentions are without merit. Mercure, Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.