■ In the Matter of the CITY OF MOUNT VERNON, Appellant, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. [619 NYS2d 398] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 13, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to RPTL article 7, to review a determination by respondent denying petitioner's request for redetermination of its 1991 State equalization rate.

Dissatisfied with its tentative equalization rate for 1991, petitioner challenged respondent's full market value assigned to 37 of the 76 parcels sampled by respondent in the City of Mount Vernon, Westchester County. Remaining dissatisfied after an administrative review which modified the equalization rate, petitioner commenced this proceeding contending that the final equalization rate is unsupported in the record and that respondent's failure to articulate specific responses to

the impact of property locations in a high crime area was arbitrary and capricious. Supreme Court dismissed the petition, finding respondent's procedures and conclusions reasonable. Petitioner appeals.

In its challenge, petitioner labeled 13 parcels located in a large area of the City consisting of three police sectors (three of the City's seven sectors) as being in high crime, high drug use areas. Without further development or consideration of other factors, petitioner argues that the capitalization rate of return should be increased slightly from 12.25% to 12.75%, thereby reducing the valuations by a small percentage. Petitioner contends that respondent's failure to specifically address its crime area designations with regard to 12 of the parcels was arbitrary. We disagree.

An equalization rate determination by respondent is a quasi-judicial determination which must be sustained if it is supported by substantial evidence (*Matter of City of White Plains v New York State Bd. of Equalization & Assessment*, 205 AD2d 771, 772). Petitioner provided no parcel-specific documentation showing the actual impact of crime on the property's value and its capitalization rate (*see, Matter of Town of Patterson v State Bd. of Equalization & Assessment*, 168 AD2d 820, 821). A review of the record reveals that respondent properly addressed the appropriateness of the capitalization rate used on each of the parcels, and rejected petitioner's proposed rate as unwarranted by the circumstances on each particular parcel (*see, supra*). The record sets forth the methodology and the specific property values which were used (*see, Matter of City of Syracuse v State Bd. of Equalization & Assessment*, 108 AD2d 973).

Finally, respondent now concedes that it failed to use the corrected equalization rate with reference to 12 of the parcels* and, therefore, petitioner is entitled to that relief.

White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioner's challenge regarding the use of an uncorrected equalization rate; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* The control numbers of the 12 parcels are as follows: 860003520, 860048200, 860057800, 860076430, 860078410, 860079690, 860081400, 860082990, 860092070, 860092990, 860109270, 860110130.