■ In the Matter of Town of Highland, Appellant, v New York State Board of Equalization and Assessment, Respondent. [621 NYS2d 174] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 24, 1993 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a redetermination of its 1992 State equalization rate.

Supreme Court quite rightly dismissed the petition. Given that petitioner did not comply with the applicable regulations (see, 9 NYCRR 186-15.2) when seeking a modification of its 1992 equalization rate, failing to make any specific objections or submit any documentation in support of its complaint, respondent did not err in refusing to grant the requested

modification *(see, Matter of City of White Plains v State Bd. of Equalization & Assessment,* 205 AD2d 771, 772; *Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820, 822).* While petitioner asserts that respondent was in possession of appraisal and value information for one property—which information established the validity of its complaint—there is nothing in the complaint itself that would have drawn respondent's attention to the fact that it was this particular determination of market value that was being challenged. Moreover, as neither the factual data upon which petitioner relies, nor the many indiscretions, which it now claims occurred, were presented to respondent, they are not properly before us *(see, Matter of Schodack Concerned Citizens v Town Bd.,* 148 AD2d 130, 135, *lv denied* 75 NY2d 701; *Aldrich v Pattison,* 107 AD2d 258, 268).

Lastly, it cannot be said that respondent erred in refusing to reopen the rate complaint process to permit petitioner to submit the required documentation, for when requesting this relief petitioner again neglected to particularize its complaint, neither including the documentation in support thereof nor indicating the nature of that documentation.

Petitioner's remaining arguments have been considered and found unavailing.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.