■ In the Matter of TOWN OF GREENBURGH, Petitioner, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. [641 NYS2d 91] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Equalization and Assessment, dated August 3, 1993, which established a final State Equalization Rate of 8.51 for the 1992 assessment roll of the Town of Greenburgh.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On November 10, 1992, the respondent New York State Board of Equalization and Assessment (hereinafter SBEA), notified the Town of Greenburgh (hereinafter the Town) of a tentative State Equalization Rate for 1992 of 7.83. On August 3, 1993, after administrative challenge by the Town, the SBEA finalized the rate at 8.51. The Town, dissatisfied with the final rate, commenced the instant proceeding pursuant to CPLR article 78.

The establishment of an equalization rate is a quasi-judicial determination (*see, Matter of Town of Smithtown v Moore,* 11 NY2d 238; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d 653, *affd* 64 NY2d 894). Accordingly, if the SBEA has acted within its jurisdiction and has provided a fair hearing, its determination must be sustained if supported by substantial evidence (*see, Matter of Town of Smithtown v Moore, supra; Matter of Incorporated Vil. of Lynbrook v New York State Bd. of Equalization & Assessment,* 209 AD2d 765; *Matter of City of White Plains v New York State Bd. of Equalization & Assessment,* 205 AD2d 771; *Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820). In order to be supported by substantial evidence, a determination must be rational (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). The petitioner bears the burden of show-

ing that the final rate established lacks a rational basis *(see, Matter of Incorporated Vil. of Lynbrook v New York State Bd. of Equalization & Assessment, supra).*

In the seminal case of *Guth Realty v Gingold* (34 NY2d 440), the Court of Appeals scrutinized the methods employed by the SBEA to determine an equalization rate. The Court concluded that equalization rates from 1970 onward are to be considered objectively and expertly arrived at *(see, Guth Realty v Gingold, supra,* at 450; *see also, Matter of City of White Plains v New York State Bd. of Equalization & Assessment, supra).* The effect of the *Guth* decision was discussed by this Court several years later in *860 Exec. Towers v Board of Assessors* (53 AD2d 463). After noting that the record in *Guth* revealed that the Court of Appeals was "aware of virtually every step in the SBEA's methodology", we held that "future retrials of the SBEA's methodology were not envisioned" *(860 Exec. Towers v Board of Assessors, supra,* at 470; *see also, Matter of City of White Plains v New York State Bd. of Equalization & Assessment, supra).* The parties have not cited, and research has not revealed, any case subsequent to *Guth* and *860 Exec. Towers* which has reached a contrary conclusion or has held the SBEA methodology to be unsound. Thus, here, the burden was upon the petitioner to offer competent evidence that a change in the methodology employed by the SBEA since the decisions in *Guth* and *860 Exec. Towers* was sufficiently material to warrant reconsideration of the question. This burden was not met.

The Town argues that the relevant regulations concerning the valuation of properties for the establishment of an equalization rate permits the comparison of stale market value data to current local assessments *(see, 9 NYCRR subpart 186-25 et seq.; subpart 186-26 et seq.)* rendering the final equalization rate meaningless. Further, the Town argues, the number of properties selected by the SBEA for sampling was too proportionately small in comparison to the total number of properties on the assessment roll to have yielded a reliable basis upon which to extrapolate.

The current regulations concerning the establishment of equalization rates, 9 NYCRR part 186, set forth an intricate and complex series of steps and mathematical equations to be followed *(see, e.g.,* 9 NYCRR subparts 186-16, 186-25, 186-24.1). The matters set forth therein, which are not within the ken of this Court, warrant expert analysis *(see generally, De Long v County of Erie,* 60 NY2d 296). Here, however, the only evidence submitted by the Town that arguably falls within this category was the affidavit of Gerry Iagallo, the Town Assessor.

However, the qualifications of Iagallo are not set forth in the record. Thus, the affidavit lacks evidentiary value. Further, Iagallo relies, in part, on a treatise for which no foundation was established (*see, Ithier v Solomon,* 59 AD2d 935). Accordingly, because the SBEA acted within its jurisdiction, submitted substantial evidence in support of its determination, and afforded the Town a fair hearing, its determination as to the Town's 1992 final State Equalization Rate must be sustained (*see, Matter of Town of Hardenburg v State of New York,* 210 AD2d 673; *Matter of Incorporated Vil. of Lynbrook v New York State Bd. of Equalization & Assessment, supra; Matter of City of White Plains v New York State Bd. of Equalization & Assessment, supra; Matter of Town of Patterson v State Bd. of Equalization & Assessment, supra; Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 108 AD2d 973). Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.