■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VALENTINE MCFARLANE, Respondent. [650 NYS2d 974] —Appeal by the People (1) from a decision of the Supreme Court, Kings County (Owens, J.), dated November 22, 1993, which determined the defendant's motion pursuant to CPL 330.30 to set aside the jury verdict convicting him of murder in the second degree (two counts) and reckless endangerment in the first degree, and (2) an order of the same court, dated January 10, 1995, which granted the defendant's motion to set aside the verdict and dismissed the indictment on the ground that the evidence of guilt was legally insufficient.

Ordered that the appeal from the decision dated November 22, 1993, is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is reversed, on the law, the defendant's motion is denied, the jury verdict convicting him of two counts of murder in the second degree and one count of reckless endangerment in the first degree is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence.

The Supreme Court granted the defendant's motion to set aside the verdict on the ground that the trial evidence was not legally sufficient to establish the defendant's guilt *(see,* CPL 330.30). We disagree. Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see generally, People v Mattiace,* 77 NY2d 269; *People v Ford,* 66 NY2d 428; *People v Skinner,* 162 AD2d 480). Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.