■ In the Matter of TOWN OF GREENVILLE, ORANGE COUNTY, Appellant, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [674 NYS2d 166] —White, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 26, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent setting the final State equalization rate for petitioner's 1993 assessment roll.

In December 1993, respondent advised petitioner that its tentative 1993 equalization rate was 87.43.[1] Thereafter, petitioner submitted a complaint challenging the appraised values of 45 of the 55 sample parcels used to calculate the 1992 estimated market value of petitioner's taxable property.[2] Petitioner's complaint and supporting documentation was reviewed by respondent's Complaint Review Panel, resulting in a reduction in appraised value of 19 sample parcels. This, in turn, led respondent to establish a final equalization rate of 93.94. Petitioner challenged respondent's determination in this CPLR article 78 proceeding which Supreme Court dismissed, finding the determination supported by substantial evidence and that it is neither arbitrary nor capricious. Petitioner appeals.

---

1. This equalization rate represented the ratio of petitioner's 1993 assessed value to the 1992 estimated fair market value of its taxable property. This ratio is expressed in the following equation:

$$\frac{1993 \text{ assessed value}}{1992 \text{ estimated market value}}$$

(see, Matter of Town of Stony Cr. v New York State Bd. of Equalization & Assessment, 207 AD2d 242, 243). For a brief description of the methodology utilized in calculating the rate, see Matter of Wisseman v New York State Bd. of Equalization & Assessment (212 AD2d 196, 197, n 1, lv denied 87 NY2d 804).

2. The petition refers to 46 objections; however, petitioner only objected to 45 sample parcels, having objected to one sample parcel twice.

Pointing out that it did not receive a full evidentiary hearing, petitioner contends that respondent's determination should be measured by the arbitrary and capricious standard of review. Even though an adjudicatory hearing was not conducted, respondent's determination is nevertheless considered a quasi-judicial one which must be sustained if supported by substantial evidence (*see, Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment*, 226 AD2d 546; *Matter of Town of Hardenburgh v State of New York*, 210 AD2d 673, *lv denied* 85 NY2d 808; *Matter of City of White Plains v New York State Bd. of Equalization & Assessment*, 205 AD2d 771). Further, it is petitioner's burden to show that the rate respondent promulgated lacks a rational basis (*see, Matter of Incorporated Vil. of Lynbrook v New York State Bd. of Equalization & Assessment*, 209 AD2d 765). We shall now examine the record to determine if petitioner satisfied its burden.

The establishment of the estimated market value of a municipality's taxable property involves an intricate and complex series of steps and mathematical equations (9 NYCRR part 186). In this instance, the procedure in broad outline involved the appraisal of 55 sample parcels as of March 1, 1990 and thereafter adjusting the 1990 values to reflect the values as of January 1, 1992. Petitioner maintains that this methodology, particularly the use of 1990 values, was irrational inasmuch as there was more current information available since, shortly before the establishment of the 1993 rate, its assessment rolls underwent a revaluation. While petitioner has advanced an alternative methodology, it has not shown that respondent's methodology was inadequate, which is the determinative issue (*see, Matter of Town of Hardenburgh v State of New York, supra*, at 674). We have previously rejected the argument that respondent's methodology is unsound because it relies on purportedly stale data (*see, Matter of Incorporated Vil. of Lynbrook v New York State Bd. of Equalization & Assessment, supra*, at 767). Moreover, respondent's methodology has received extensive judicial scrutiny and has been found to be sound (*see, Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment, supra*, at 547). Consequently, we reject petitioner's challenge to respondent's methodology.

The initial step in determining estimated market value is to classify a municipality's property into certain categories according to type and assessed values and then select sample parcels from each category to appraise. From the values derived from these appraisals, respondent calculates the estimated

total market value. Here, respondent did not appraise any sample parcels from one category that numerically represented over 50% of petitioner's commercial property.[3] While the use of an unsampled category is specifically allowed by the regulations (9 NYCRR 186-26.9 [c]), petitioner argues that such procedure compromised the process, rendering the equalization rate statistically invalid. Despite the significant percentage, the record shows that the subject category represented less than one quarter of 1% of the assessed value of petitioner's commercial property. In the absence of an explanation how the exclusion of this statistically insignificant factor rendered the equalization rate statistically invalid, we find that petitioner's argument lacks merit.

We have not considered petitioner's contention predicated upon respondent's failure to include the fire district charges in its calculations since it failed to raise this issue in the administrative review process (see, Matter of Town of Highland v New York State Bd. of Equalization & Assessment, 211 AD2d 893). In any event, the inclusion of such charges would have minimal impact upon the equalization rate, raising it from 93.94 to 93.95.

Petitioner takes issue with respondent's valuations of several of the sample parcels, claiming they are excessive. It has failed, however, to support its position with its own appraisals or with expert analysis documenting and detailing the deficiencies in respondent's valuations. Absent such proof, we cannot independently assess the challenged valuations since such assessment requires professional or technical knowledge possessed by an expert (see, De Long v County of Erie, 60 NY2d 296, 307). Therefore, respondent's valuations must be accepted if they have a rational basis. Our review of the record shows that respondent considered petitioner's objections, made adjustments where necessary and fully explained its ultimate determination, all of which provides a rational basis for the valuations.

It appears that during this proceeding petitioner sought to discover certain "turn-around" documents that contain respondent's calculations on how each comparable sale was adjusted or the amount of any such adjustment. In the absence of an order, the issue of whether petitioner was entitled to discover these documents is not before us (see, CPLR 5501 [c]; People v McFarlane, 233 AD2d 531, lv denied 89 NY2d 944). Also, inasmuch as the record contains numerous documents

---

**3.** This category consisted of 26 parcels, each having an assessed value between $100 and $1,400.

which reflect the basis of respondent's determination, it is adequate for review without the inclusion of the "turn-around" documents.

For the foregoing reasons, we find that petitioner failed to meet its burden and respondent's determination is supported by substantial evidence. Accordingly, we affirm the judgment of Supreme Court.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.