■ In the Matter of the TOWN OF WALLKILL, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al.,

Respondents. (Proceeding No. 1.) In the Matter of the TOWN OF WALLKILL, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al., Respondents. (Proceeding No. 2.) [711 NYS2d 228] —Mugglin, J. Proceedings pursuant to CPLR article 78 (initiated in this Court pursuant to RPTL 1218) to review two determinations of respondent State Board of Real Property Services establishing petitioner's 1998 and 1997 final State equalization rates.

In December 1998, respondent State Board of Real Property Services (hereinafter State Board) established a tentative State equalization rate for petitioner. Thereafter, petitioner filed a complaint challenging the tentative equalization rate based upon its claim that respondent State Office of Real Property Services (hereinafter ORPS) miscalculated the market value of a number of selected parcels employed in fixing the tentative State equalization rate. Following the administrative hearing upon plaintiff's complaint, the State Board made no substantive changes (correcting only a clerical error) and adopted the tentative rate as the final equalization rate.

Thereafter, petitioner commenced a CPLR article 78 proceeding (proceeding No. 1) (see, RPTL 1218) seeking to annul and rescind the 1998 final rate. Petitioner's primary argument is that despite the direction of RPTL 1218 that the standard of review is that specified in CPLR 7803 (4), i.e., substantial evidence, the appropriate standard of review is the arbitrary and capricious standard of CPLR 7803 (3) since the determination under review was not made at an evidentiary hearing prescribed by law at which a record is made. Alternatively, petitioner asserts that the final State equalization rate for 1998 is not supported by substantial evidence and that respondents' practices and procedures and administrative and regulatory operations combine to deprive the petitioner of its constitutional and due process rights to a fair hearing in the equalization rate-setting process.

In a separate proceeding (proceeding No. 2), petitioner seeks to annul and rescind the new 1997 final State equalization rate fixed by the State Board, claiming that the State Board was without authority to recommence the rate-setting procedure, that the discovery demands made by petitioner in this CPLR article 78 proceeding were improperly rejected by respondents and that the improper hearing practices of respondents constituted appropriate special circumstances sufficient to warrant the requested discovery.

With respect to proceeding No. 1, initially we observe that we rejected similar standard of review arguments in *Matter of*

*Town of Middletown v State Bd. of Real Prop. Servs.* (272 AD2d 657). In that case, we specifically held that "the amendment to RPTL 1218 represents simply a codification of the substantial evidence standard applied on judicial review of any equalization rate" (*id.*, at 658). It is well established that a hearing upon a complaint challenging a tentative equalization rate is not an adjudicatory hearing (*see*, 9 NYCRR 186-15.5; *Matter of Town of Smithtown v Moore*, 11 NY2d 238, 247; *Matter of Town of Greenville v New York State Bd. of Real Prop. Servs.*, 251 AD2d 788, 789). The Legislature has mandated that such a determination be sustained if supported by substantial evidence.

To determine if a decision is supported by substantial evidence, the inquiry is whether it is supported by the kind of evidence that responsible persons would ordinarily rely upon in serious matters (*see*, *Matter of Lahey v Kelly*, 71 NY2d 135, 140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176). The issue under the substantial evidence test—as well as the arbitrary and capricious test—is whether the determination has a rational basis (*see*, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Town of Middletown v State Bd. of Real Prop. Servs.*, *supra*, at 659-660).

Here, petitioner argues that its 1998 final rate is not supported by substantial evidence because its valuations of several major parcels differ from the valuations used by ORPS in setting the tentative rate. However, the record reveals that each valuation challenged by petitioner was investigated and analyzed before the final rate was determined, thus negating petitioner's claim that the State Board's determination was not supported by substantial evidence or was irrational.

Next, we find no merit to petitioner's constitutional due process claim. The quasi-judicial hearing under review furnishes the opportunity to petitioner to have its objections fully considered prior to the final equalization rate being fixed. It is not, as petitioner argues, intended to be adversarial in nature, requiring a full evidentiary hearing on the record (*see*, *Matter of City of Syracuse v State Bd. of Equalization & Assessment*, 108 AD2d 973).

Turning to proceeding No. 2, petitioner, citing RPTL 1314 (1) (b), contends that the newly fixed second 1997 equalization rate is barred by the doctrine of administrative finality because, when the original 1997 equalization rate was annulled, respondents were compelled to utilize the final State equalization rate for 1996. We find petitioner's argument in this regard to be unpersuasive. Contrary to petitioner's contention, the State Board did fix an equalization rate for tax year 1997.

Simply because that equalization rate was annulled, due to a procedural infirmity, does not support the conclusion that no equalization rate was fixed for 1997 and that, therefore, RPTL 1314 controls. First, we note that it is the statutory duty of the State Board to fix an equalization rate on an annual basis (*see,* RPTL 202, 1202 [1] [a]; 1204, 1210). Second, where the determination of an administrative body has been annulled due to procedural noncompliance, the proper remedy is remittal for a new hearing (*see, Matter of Syquia v Board of Educ.,* 80 NY2d 531, 537; *Matter of Clayton v Clement,* 33 NY2d 386, 391), and, third, RPTL 1314 (1) (b) applies only to afford a school district an opportunity to levy school taxes when the State equalization rate has not been finalized.

Next, we address the issues of discovery and whether respondent Comptroller is a necessary party, issues common to both proceedings. Petitioner asserts that it is entitled to discovery, *inter alia,* of respondents' appraisals and turnaround documents in connection with both the 1997 and 1998 State equalization rates. Although it is well settled that disclosure in a CPLR article 78 proceeding seeking to review an equalization rate is available (*see, Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.,* 253 AD2d 8, 16; *Matter of Town of Mamakating v New York State Bd. of Real Prop. Servs.,* 246 AD2d 844, 845), such discovery is available only upon leave of court (*see,* CPLR 408). In order to arrive at a considered determination regarding requested disclosure, the court "must balance the needs of the party seeking discovery against such opposing interests as expedition and confidentiality" (*Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., supra,* at 16). Additionally, the party seeking disclosure must establish that the requested information is "material and necessary" to an intelligently based challenge to the methodologies employed to select the parcels in the survey and for the appraisals of the selected parcels (*see, Matter of Town of Mamakating v New York State Bd. of Real Prop. Servs., supra,* at 845).

Applying these principles here, and with a particular view to the objections raised by petitioner to the equalization rate fixed by the State Board, we find that petitioner has not sufficiently established that the requests are necessary and material to formulate an appropriate attack upon the *methodologies* adopted by the State Board in selecting the parcels comprising the market survey and the appraisals thereof. Instead, in our view, petitioner seeks discovery simply to contest the State Board's *choice of valuations* from competing information

regarding the market value of selected parcels. Further, the record establishes that petitioner possesses all necessary information to challenge the methodologies adopted by the State Board.

In both the 1997 and 1998 equalization proceedings, petitioner had in its possession market value surveys prior to the administrative complaint stage and was thus aware of the valuation of each property therein. The 1996 market value survey, of which petitioner was well aware, provided the basis for both the 1997 and 1998 State equalization rates, the respective values being trended forward from those contained in the market value survey. Petitioner has not established that the requested discovery is essential to establish its position that its constitutional rights of due process were somehow infringed by the administrative complaint review process. Accordingly, we find no basis upon which to grant petitioner's requested discovery or to conduct depositions of the Hearing Officer or other ORPS personnel.

Lastly, the motions of the Comptroller for dismissal of each petition is granted. The petitions are devoid of any allegation that the Comptroller performed any act or omitted to carry out any duty in connection with the rate-setting proceedings at issue. Since the Comptroller is not primarily responsible for the challenged policy, he is not a necessary party (*see, Matter of Koss, Inc. v Regan*, 149 AD2d 785, 787).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the motions by respondent Comptroller granted, without costs, and petitions dismissed against said respondent. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.