OPINION OF THE COURT
Memorandum.
Final judgment insofar as appealed from unanimously reversed without costs, petition reinstated and final judgment directed to be entered awarding possession in favor of landlord.
*596 Subsequent to a fire in its building, pursuant to the terms of the lease between the parties, the petitioner served a notice terminating the respondent’s tenancy on the grounds that the fire rendered the building “wholly unusable and/or * * * so damaged that [petitioner] has decided to demolish or rebuild the premises.” This holdover proceeding ensued.
At trial, a licensed professional engineer, who was qualified as an expert witness, testified that although the respondent effected repairs to the demised premises, which was created when a party wall was constructed to divide the ground floor of the two-story building, the building was unsafe and should be evacuated. The expert noted that while the fire damage was greater on the left half of the building and respondent occupied the right half of the ground floor of the building, the visible damage to the ceiling beams was such that the entire first floor ceiling was in danger of collapsing. In addition, in order to determine the full extent of the fire and water damage so that repairs, if warranted, could be effected, removal of the entire second story floor, all of the sheetrock walls, and the damaged portion of the facade was required. Moreover, as a result of the fire, the building lacked water and gas service. In opposition, the respondent merely testified that his store has remained open since the fire and that when it rains, water does not leak into the store.
As the matters upon which the expert testified, such as the degree to which beams were damaged and the impact such damage had on the building’s structural integrity, were not matters within the ken of a typical person or of the court (see, De Long v County of Erie, 60 NY2d 296; see also, Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment, 226 AD2d 546), the only probative evidence adduced at trial established that the building was unsafe and thus, “wholly unusable.” Accordingly, the notice of termination served by the petitioner terminated the respondent’s tenancy.
Floyd, P. J., Colabella and Coppola, JJ., concur.