■ In the Matter of TOWN OF MARBLETOWN, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al., Respondents. [760 NYS2d 900] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to RPTL 1218) to review a determination of respondent New York State Board of Real Property Services which established the final state equalization rate for petitioner's 2002 assessment roll.

In July 2002, respondent New York State Board of Real Property Services (hereinafter respondent) informed petitioner that its tentative 2002 state equalization rate* was 84.15%. Petitioner filed an administrative complaint and a hearing was held where it presented both documentary and testimonial evidence in support of a higher rate. On August 20, 2002, respondent held a meeting where petitioner's challenges were again reviewed. After considering petitioner's contentions together with a memorandum from respondent's complaint review panel, respondent passed resolution 02-30 which established, among other things, petitioner's final state equalization rate at the percentage it tentatively set. Petitioner commenced this CPLR article 78 proceeding challenging that determination.

Our review is limited to a determination of whether substantial evidence supports the rate set by respondent (*see Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs.*, 274 AD2d 856, 858 [2000], *lv denied* 95 NY2d 770 [2000]; *Matter of Town of Middletown v State Bd. of Real Prop. Servs.*, 272 AD2d 657, 658, 659 [2000], *lv denied* 95 NY2d 761 [2000]). With the burden upon petitioner to establish that the final rate "does not have a rational basis" (*Matter of Town of Middletown*

---

* A state equalization rate is a ratio expressed as a percentage which compares the assessed value of taxable real estate with its full market value (*see Matter of Town of Middletown v State Bd. of Real Prop. Servs.*, 272 AD2d 657, 658 n [2000], *lv denied* 95 NY2d 761 [2000]; *see also* RPTL 1202 [1] [a]).

*v State Bd. of Real Prop. Servs., supra* at 659; *see Matter of Town of Greenville, Orange County v New York State Bd. of Real Prop. Servs.,* 251 AD2d 788, 790 [1998]), petitioner's challenge to the rate-setting methodology must fail since a methodology will not be set aside simply because it has not been previously endorsed by the courts (*see Matter of Town of Middletown v State Bd. of Real Prop. Servs., supra* at 659). Respondent's methodology must be adequate, but need not be the most accurate (*see Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 108 AD2d 973, 974 [1985]; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d 653, 654 [1984], *affd* 64 NY2d 894 [1985]).

The record demonstrates that respondent considered each of petitioner's objections to the use of the computer-assisted mass appraisal methodology. After a general explanation of all procedures employed, spreadsheets containing the values and respondent's calculations were provided. Although petitioner contends that the spreadsheets were not readily understandable, it failed to attend the informal review session held by respondent where further explanations were provided. After considering all other contentions raised, including the failure by respondent to discount the unusual market activity in that area, we find that petitioner failed to sustain its burden in demonstrating that the final rate lacks a rational basis.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.