In the Matter of Town of Rye, Petitioner, v New York State Board of Real Property Services et al., Respondents. [773 NYS2d 576]—

Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated August 20, 2002, which established a special segment equalization rate of 3.06% for the 2002-2003 school year for that portion of the Rye Neck Union Free School District which is located in the Town of Rye.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.

The Rye Neck Union Free School District (hereinafter the school district) is comprised of a portion of the City of Rye and a portion of the Town of Rye. The City applied to the New York State Board of Real Property Services (hereinafter the State Board) pursuant to RPTL 1226 and 1314 for a special equalization rate for the segment of the Town situated within the school district for the 2002-2003 school year. Based on evidence of sales of residential properties within the Town segment of the school district, the City claimed that the state equalization rate was not representative of the property values in the largely residential Town segment of the school district and therefore placed an unfair tax burden on property owners within the City segment of the school district. The State Board granted the City's application and established a special segment equalization rate of 3.06% for the segment of the Town within the school district. The Town sought review of that determination pursuant to RPTL 1218.

The Town contends that the State Board does not have jurisdiction to decide an application for a special segment equalization rate where, as here, the entire school district lies within the boundaries of the County of Westchester and is comprised of segments of a city and a town. We disagree.

The Town does not dispute that, pursuant to a 1998 amendment to Westchester County Administrative Code § 283.201 (3)

(Local Law No. 9[1998] of County of Westchester [hereinafter the Code]), the State Board has the authority to determine special equalization rates for towns or segments of towns within a school district (*see Killeen v New York State Off. of Real Prop. Servs.*, 253 AD2d 792 [1998]; *cf. County of Westchester v State Bd. of Equalization & Assessment*, 79 AD2d 777 [1980]). However, the Town contends that the State Board's authority under this amendment is limited to towns or segments of towns located in inter-county school districts and does not extend to school districts located entirely within Westchester County.

The Town's argument is unsupported by the applicable legislative history, and we find it unpersuasive. In opposition to the Town's petition, the State Board produced a letter written in 2000 by the County legislator who initiated the 1998 amendment to Code § 283.201 (3). According to the legislator, the drafters of the amendment rejected, on equal protection grounds, language which would have limited the use of segmentation rates to inter-county tax disputes. Special segmentation rates were viewed as a way to correct inequities in equalization rates, and the legislator stated that "our deliberations affirmatively included tax disputes that could occur *anywhere* in Westchester" (emphasis in original). In addition, the State Board produced a 1998 memorandum written by the Westchester County Attorney in which he stated that limiting the scope of the amendment to property owners in inter-county school districts, and excluding property owners in intra-county school districts, might present an equal protection problem (*see Killeen v New York State Off. of Real Prop. Servs., supra*).

The Town also contends that the amendment to Code § 283.201 (3) gives the State Board the power to issue a special segment equalization rate only where the school district is comprised entirely of towns or segments of towns, and not where, as here, the school district is comprised of a segment of a city and a segment of a town. We find this interpretation of the amendment equally unpersuasive. Although the amendment refers only to towns, the legislative history indicates that the amendment was intended to provide for a more equitable apportionment of taxes among the property owners in a school district anywhere in the county by the use of special segment equalization rates set by the State Board. Pursuant to RPTL 1314 (2), a city or a town may apply for a special equalization rate if it appears that the state equalization rate for the city or town is inequitable as applied to real property within the school district of the city or town (*see Matter of City of Oswego v New York State Bd. of Real Prop. Servs.*, 280 AD2d 99 [2001]).

Interpreting Code § 283.201 (3) to exclude property owners in city segments of school districts from the benefit of RPTL 1314, while extending that benefit to property owners in town segments, would present an equal protection problem, as similarly-situated taxpayers ought to be treated uniformly (*see Killeen v New York State Off. of Real Prop. Servs., supra*).

Regarding the merits of the petition, the Town failed to establish that the methodology used by the State Board in determining the special segment equalization rate was not rational or that the special segment equalization rate of 3.06% was not supported by substantial evidence (*see Matter of Town of Cortlandt v New York State Bd. of Real Prop. Servs.*, 288 AD2d 388, 389; *Matter of Town Bd. of Town of Cortlandt v New York State Bd. of Real Prop. Servs.*, 282 AD2d 467 [2001]; *Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment*, 226 AD2d 546 [1996]).

The Town's remaining contentions are without merit. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.