■ In the Matter of TOWN OF HUNTINGTON, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al., Respondents. [822 NYS2d 151]—

Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated August 12, 2003, which established a special equalization rate of 0.76 for the 2003-2004 school year for that portion of the Cold Spring Harbor Central School District located in the Town of Huntington.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.

The Cold Spring Harbor Central School District (hereinafter the school district) is comprised of a portion of the Town of Huntington and a portion of the Town of Oyster Bay. Rita Wolff, an aggrieved taxpayer in the Town of Oyster Bay, requested

that the New York State Board of Real Property Services (hereinafter the State Board) establish a special equalization rate for the 2003-2004 school year for that segment of the school district situated in the Town of Huntington. Upon reviewing Wolff's request, which she submitted pursuant to 9 NYCRR 186-5.3 (b), the State Board also conducted an examination of the matter on the basis of data compiled by the State Board itself. As a result, the State Board established a 2003-2004 special equalization rate of 0.76 for the segment of the Town of Huntington located within the school district. The Town of Huntington seeks review of this determination pursuant to CPLR article 78 and RPTL 1218.

Contrary to Wolff's contention, the Town of Huntington has standing to seek review of the determination because it is the town "for which the rate or rates were established" (RPTL 1218). However, the Town of Huntington failed to demonstrate that the methodology used by the State Board in determining the special equalization rate was not rational or that the special equalization rate of 0.76 was not supported by substantial evidence (*see Matter of Town of Rye v New York State Bd. of Real Prop. Servs.*, 5 AD3d 783, 785 [2004]; *Matter of Town Bd. of Town of Cortlandt v New York State Bd. of Real Prop. Servs.*, 282 AD2d 467 [2001]; *Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs.*, 274 AD2d 856, 858 [2000]; *Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment,* 226 AD2d 546 [1996]). Moreover, Wolff's request for the special equalization rate contained information sufficient to support a determination that application of the state equalization rate for the prior tax roll to the segment of the school district situated in the Town of Huntington would be inequitable (*see* 9 NYCRR 186-5.3 [b] [3]). In any event, upon reviewing Wolff's request, the State Board was also empowered, upon its own motion, to initiate a review of the data in its own possession to determine if a special equalization rate was warranted (*see* 9 NYCRR 186-5.3 [a]).

In light of the foregoing, we need not reach the parties' remaining contentions. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.