OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 According to the Public Health Law, the Administrative Review Board for Professional Medical Conduct (ARB), which reviews physician disciplinary determinations, shall consist of five members — three physician and two lay members. This case challenges the validity of an ARB determination made by three physician members, without its two lay members. We conclude that action taken by a three-member quorum is valid and we therefore dismiss petitioner-doctor’s challenge.
 

 In January 1994, the New York State Board for Professional Medical Conduct charged petitioner Kenneth A. WolkofF, a physician licensed to practice medicine in New York, with professional misconduct under Education Law § 6530 (9) (b) and (d). The charges were based on disciplinary determinations rendered against petitioner in Utah and California, in which petitioner’s license to prescribe controlled substances in Utah
 
 *252
 
 was suspended and his license to practice medicine in California revoked after he admitted knowingly and intentionally prescribing excessive amounts of controlled substances to drug-dependent individuals. After an expedited hearing limited to consideration of the nature and severity of the penalty to be imposed,
 
 *
 
 a Hearing Committee on Professional Medical Conduct sustained the charges of misconduct, suspended petitioner’s license to practice medicine in the State of New York for three years and ordered him to complete specified retraining programs.
 

 Both petitioner and the office of Professional Medical Conduct appealed to the ARB pursuant to Public Health Law § 230-c. After consideration by its three physician members only, the ARB sustained the Hearing Committee’s determination that petitioner was guilty of professional misconduct. The ARB, however, overruled the determination to suspend petitioner’s license to practice medicine in New York while he underwent retraining, and instead revoked his license. The two lay members of the ARB did not participate in the appeal.
 

 Petitioner filed a CPLR article 78 proceeding seeking judicial review in the Appellate Division. That court granted the petition, annulled the ARB’s determination and remitted the matter for de novo review by the ARB. Pointing to the statutory requirement that the ARB be composed of three physicians and two lay persons, the Appellate Division concluded that any determination rendered without consideration by all five ARB members was invalid. We now reverse.
 

 Prior to 1991, an elaborate system existed for disciplining physicians, which involved multiple levels of review and divided responsibility between the Department of Health and the Department of Education. Charges of professional misconduct were initially considered by a committee of the State Board for Professional Medical Conduct, which conducted an administrative hearing. Its findings of fact, conclusions of law and recommendations regarding disposition were reviewed by the Commissioner of Health, who made an independent determination.
 

 
 *253
 
 That decision was then forwarded to the Board of Regents, which had its own multi-tiered review process. The Regents Review Committee issued a report and recommendations following evaluation of the hearing record and oral argument by the parties’ attorneys; those recommendations were reviewed by the Regents Committee on Professional Practices; and the full Board of Regents then made a final determination, which was confirmed by the Commissioner of Education. Ultimately, the Commissioner’s order was subject to challenge by an article 78 proceeding (see, Mem of State Exec Dept, 1991 McKinney’s Session Laws of NY, at 2077).
 

 Finding this complex system the root of undue delay and expense (see,
 
 id.,
 
 at 2081), the Legislature five years ago significantly streamlined the procedure (see, L 1991, ch 606). The stated goal was "[t]o improve the efficiency of the physician disciplinary process” (Mem of State Exec Dept. 1991 McKinney’s Session Laws of NY, at 2077; see,
 
 Matter of Kabnick v Chassin,
 
 89 NY2d 828 [decided today]).
 

 Responsibility for resolving charges of professional medical misconduct is now consolidated within the Department of Health (see, Public Health Law §§ 230, 230-c). Under the current scheme, a hearing is conducted by a Committee on Professional Medical Conduct of the State Board for Professional Medical Conduct (see, Public Health Law § 230 [10] [e]). Either party may seek review by the ARB of the Hearing Committee’s determination (see, Public Health Law § 230-c [4] [a]). Finally, any order of the ARB is subject to judicial review in the Appellate Division, Third Department, in an article 78 proceeding (see, Public Health Law § 230-c [5]).
 

 Central to this appeal are the statutory requirements concerning composition of the ARB. Public Health Law § 230-c (2) specifies that the ARB consist of five members and, further, that "[t]hree of the members of the review board shall be physicians from the board for professional medical conduct. Two of the members of the review board shall be lay members from the board for professional medical conduct.” The statute, moreover, requires that "[a]ll determinations shall be based upon a majority concurrence of the administrative review board” (Public Health Law § 230-c [4] [c]).
 

 Respondent contends that because Public Health Law § 230-c contains no express requirement that all five members of the ARB, or at least one lay member, consider each case, whether a sufficient number of ARB members were present for valid ac
 
 *254
 
 tion is governed by the quorum provision of General Construction Law § 41. Inasmuch as that quorum requirement was met here, respondent urges that the Appellate Division erred in annulling the ARB’s determination.
 

 Under the common-law rule, a majority of a body constituted a quorum, and if a quorum, were in attendance a vote of a majority of those present was sufficient for valid action. Where, however, a statute conferred power to act on several persons, all were required to be present before the statutory power could be exercised
 
 (Matter of Town of Smithtown v Howell,
 
 31 NY2d 365, 376;
 
 Morris v Cashmore,
 
 253 App Div 657, 659, 661,
 
 affd
 
 278 NY 730).
 

 The Legislature adopted General Construction Law § 41 in order to "abrogate the common-law rule requiring the presence of the whole body to act” where authority is conferred by statute
 
 (Matter of Town of Smithtown v Howell,
 
 31 NY2d at 377, supra;
 
 accord, Morris v Cashmore,
 
 253 App Div at 661,
 
 supra).
 
 That section provides:
 

 "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty” (General Construction Law § 41).
 

 General Construction Law § 41 thus allows valid action by a body so long as there is participation by "a majority of the whole number” — -defined as the total number that the body would have were there no vacancies or disqualifications.
 

 The quorum requirement of General Construction Law § 41 applies to action taken by the ARB, unless the general object of Public Health Law § 230-c, the context of the language construed or other provisions of law indicate that a different requirement was intended
 
 (see,
 
 General Construction Law § 110;
 
 see also, Matter of Bronson,
 
 150 NY 1, 5).
 

 According to petitioner, the specification that the ARB consist of three physicians and two lay persons implicitly manifests a legislative intent to impose a more demanding quorum requirement. Where, however, the Legislature has wanted to depart from General Construction Law § 41, it has done so explicitly
 
 {see, e.g.,
 
 Education Law §§ 202, 205 [Board of
 
 *255
 
 Regents for University of the State of New York shall be comprised of not less than 15 members, but seven Regents attending shall be a quorum for the transaction of business]; ECL 57-0119 [Central Pine Barrens Joint Planning and Policy Commission shall consist of five members, but four shall constitute a quorum for the transaction of any business or the exercise of any power or function of the commission]).
 

 This is so even where, as here, the Legislature has separately demanded that the members of the public or deliberative body represent — in specific numbers or percentages — various professions, political parties, branches of government or other segments of the population (see, e.g., Judiciary Law § 62 [1], [6] [the Commission on Judicial Nomination shall consist of 12 members, but 10 shall constitute a quorum]; ECL 5-0101, 5-0109 [3] [the State Environmental Board shall consist of 16 members, but eight shall constitute a quorum]; ECL 57-0111 [the Long Island Pine Barrens Maritime Reserve Council shall be composed of 17 voting members, but 10 shall constitute a quorum]).
 

 Public Health Law § 230-c expressly addresses how many ARB members must
 
 concur
 
 in any disciplinary determination
 
 (see,
 
 Public Health Law § 230-c [4] [c]). Yet it is notably silent as to how many members must
 
 consider
 
 each case for valid exercise of the ARB’s review power. The plain language of the statute itself thus offers no basis for concluding that all five members must participate in every ARB determination.
 

 The statute’s history, moreover, contains no indication that the Legislature intended such an exacting requirement. Rather, the general object of the statutory scheme was to improve the efficiency of physician disciplinary determinations by reducing expense and delay, while protecting the ability of physicians to defend against charges of misconduct
 
 (see,
 
 L 1991, ch 606; Mem of State Exec Dept, 1991 McKinney’s Session Laws of NY, at 2077).
 

 Nor does it follow from the mandate that the ARB be composed of three physicians and two lay persons that at least one physician and one lay member must participate in every disciplinary appeal. Indeed, to infer that the Legislature intends to require participation by at least one member from each category of persons represented on a statutorily created body would unduly restrict the ability of a vast number of such bodies to perform their statutory functions. The laws of New York create scores of councils, boards, commissions and the
 
 *256
 
 like that have specific requirements as to make-up of their membership. In many instances, the Legislature has prescribed that the members be drawn from numerous different segments of society, that the body be composed of both elected and appointed members, that appointed members represent various public or private departments, branches of government or political parties. Consequently, the specifications are often extremely particularized and complex
 
 (see, e.g.,
 
 Education Law § 504 [2]; Banking Law § 13 [2]; Public Health Law § 2904 [a]). For us to imply a requirement that the voice of each group, constituency, and appointing authority be represented in every single official act performed by the body would impose an unreasonable burden.
 

 Given the absence of any clear indication that the Legislature intended otherwise, the quorum requirement of General Construction Law § 41 applies to decisions of the ARB. Because three of the five ARB members — "a majority of the whole number” — considered petitioner’s case, that quorum requirement was satisfied here.
 

 Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Clparick concur.
 

 Judgment reversed, etc.
 

 *
 

 Where charges arise from disciplinary action or findings of misconduct in another State based upon conduct that would constitute professional
 
 misconduct
 
 under the laws of New York State (see, Education Law § 6530 [9] [b], Id]), Public Health Law § 230 (10) (p) provides for an expedited hearing limited to the nature and severity of the penalty to be imposed upon the licensee.