■ In the Matter of TOWN OF GREENBURGH, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [713 NYS2d 539] —Proceeding pursuant to CPLR article 78, to review a determination of the respondent, New York State Board of Real Property Services, dated March 19, 1998, which established the Town of Greenburgh's 1997 State equalization rate.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

RPTL 1218, as recently amended (L 1998, ch 368, § 3), provides as follows: "A final determination of the state board relating to state equalization rates may be reviewed by the appellate division of the supreme court in the manner provided

by article seventy-eight of the civil practice law and rules upon application of the * * * town * * * for which the rate or rates were established. The standard of review in such a proceeding shall be as specified in subdivision four of section [7803] of the civil practice law and rules". Accordingly, the Supreme Court did not err in transferring the instant matter to this Court for review under the substantial evidence standard.

The Town of Greenburgh (hereinafter the Town) did not meet its burden of proving that the respondent's methodology in establishing the Town's 1997 equalization rate was irrational and/or unsupported by substantial evidence. Although the Town submitted competing assessments based on a different methodology, the issue is "not whether [the Town's] method was more accurate, but rather whether [the respondent's] rate was established by an *adequate* method" (*see, e.g., Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d 653, 654, *affd* 64 NY2d 894 [emphasis added]; *see also, Matter of Town of Middletown v State Bd. of Real Prop. Servs.,* 272 AD2d 657; *Matter of Town of Hardenburgh v State of New York,* 210 AD2d 673, 674; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 108 AD2d 973).

Although the Town challenges the respondent's use of "Property Inventory and Valuation" reports, the use of these documents has been repeatedly upheld by the courts as an acceptable part of the respondent's methodology (*see, e.g., Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 108 AD2d, *supra,* at 974). Similarly, the respondent's "Valuation Factor File" is a standardized body of data used to compile and arrange value estimates for properties throughout the State. Where, as here, "the goal of the method of determining property values is to establish State-wide equalization rates, as opposed to individual assessments or awards, standardized methods are essential" (*Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d, *supra,* at 654).

The rejection by the respondent of the computations of the Town's experts was not without a rational basis in the record. The respondent set forth its reasons for each proposed assessment it rejected (*see, e.g., Matter of Town of Hardenburgh v State of New York, supra; Matter of Town of Patterson v State Bd. of Equalization & Assessment,* 168 AD2d 820, 821). In addition, there is no requirement that there be a perfect correlation between the materials that the respondent has disclosed and its final assessments. The respondent has disclosed *enough* documents and materials to enable the Town to intelligently challenge the adequacy of the methodology used to determine

the equalization rate (*see, e.g., Matter of Town of Mamakating v New York State Bd. of Real Prop. Servs.,* 246 AD2d 844; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 108 AD2d, *supra,* at 973; *Matter of City of Syracuse v State Bd. of Equalization & Assessment,* 101 AD2d, *supra,* at 653). Finally, although the Town has underscored certain mistakes and/or inconsistencies in the respondent's documentation, we do not find that these isolated anomalies rise to the level of systematic distortion such that the respondent's methodology is vitiated. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.