Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs. (2003 NY Slip Op 23967)

Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.

2003 NY Slip Op 23967 [2 Misc 3d 669]

July 9, 2003

Supreme Court, Albany County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 14, 2004

[*1]
In the Matter of Town of Riverhead et al., Petitioners,
v
New York State Board of Real Property Services et al., Respondents.
Supreme Court, Albany County, July 9, 2003

APPEARANCES OF COUNSEL

Eliot Spitzer, Attorney General (Jeffrey P. Mans of counsel), for New York State Board of Real Property Services, respondent. David J. Gilmartin, Jr., for Town of Southampton, respondent. Harold A. Steuerwald for Town of Brookhaven, respondent. Dawn C. Thomas for petitioners.

{**2 Misc 3d at 669} OPINION OF THE COURT

John G. Connor, J.
{**2 Misc 3d at 670}Petitioner seeks a judgment pursuant to article 78 of the CPLR annulling respondent's determination to establish a segment special equalization rate for that portion of the Town of Southampton located within the Riverhead Central District pursuant to RPTL 1314. Respondent, New York State Board of Real Property Services, moves to dismiss the instant proceeding for lack of subject matter jurisdiction. Petitioner opposes Real Property Services' motion on the grounds that the establishment of "segment equalization rates" differ from state equalization rates and special equalization rates, and therefore, RPTL 1218 does not apply. Respondent, Town of Southampton, does not oppose Real Property Services' motion. Respondent, Town of Brookhaven, failed to submit papers on the motion.
The issue before the court is whether the establishment of segment equalization rates falls within the parameters of RPTL 1218, or whether it is governed solely by RPTL 1314. RPTL 1218 provides in pertinent part: "A final determination of the state board relating to state equalization rates may be reviewed by the appellate division of the supreme court in the manner provided by article seventy-eight of the civil practice law and rules upon application of the county, city, town or village for which the rate or rates were established." Real Property Services may establish a segment equalization rate for a city or town, or the real property within a city or town, [*2]when it appears that the state equalization rate established for the city or town is inequitable as applied to real property within a school district located within more than one city or town. In other words, relief through a segment special equalization rate is only available where the overall equalization rate of a city or town is not reflective of the property values within a particular segment of the city or town. (See RPTL 1314 [2]; Matter of City of Oswego v New York State Bd. of Real Prop. Servs., 280 AD2d 99 [3d Dept 2001]; Matter of Wisseman v New York State Bd. of Equalization & Assessment, 212 AD2d 196 [3d Dept 1995], lv denied 87 NY2d 804 [1995].)
The challenged act is Real Property Services' establishment of a segment special equalization rate. The establishment of an equalization rate is a quasi-judicial determination which must be supported by substantial evidence. (See, City of Syracuse v State Bd. of Equalization & Assessment, 101 AD2d 653, 654 [3d Dept 1984], affd 64 NY2d 894 [1985].) Whether Real Property Services is establishing the state rate, a special rate or a segment special rate, the court does not find a distinction as to the standard of review. (See, Matter of City of Oswego v New York State {**2 Misc 3d at 671}Bd. of Real Prop. Servs., Sup Ct, Albany County, Feb. 5, 2000, Malone, Jr., J., Index No. 6562-99; Matter of Town of Newburgh v New York State Bd. of Real Prop. Servs., Sup Ct, Albany County, Dec. 30, 1999, Cobb, J., Index No. 4889-99; Matter of Town of New Berlin v New York State Bd. of Real Prop. Servs., Sup Ct, Albany County, Oct. 25, 2000, Connor, J., Index No. 2749-00.) The court finds that the establishment of a segment special equalization rate is "a final determination of the state board relating to state equalization rates" as contemplated by RPTL 1218. Although the court generally has the power to transfer matters that raise the question of whether a determination is supported by substantial evidence to the Appellate Division, the court cannot transfer a matter over which it does not have subject matter jurisdiction. (See, CPLR 7803 [4]; 7804 [g]; RPTL 1218; see also, Matter of Town of Greenburgh v New York State Bd. of Real Prop. Servs., 275 AD2d 787 [2d Dept 2000]; Matter of City of Oswego v New York State Bd. of Real Prop. Servs., Sup Ct, Albany County, Feb. 5, 2000, Malone, Jr., J., Index No. 6562-99; Matter of Town of Newburgh v New York State Bd. of Real Prop. Servs., Sup Ct, Albany County, Dec. 30, 1999, Cobb, J., Index No. 4889-99.)
Accordingly, since the court lacks subject matter jurisdiction over the instant proceeding the same must, therefore, be dismissed.