■ In the Matter of CITY OF WHITE PLAINS, Petitioner, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent.
[795 NYS2d 292]—

Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated June 10, 2003, which established a final state equalization rate of 4.71 for the 2002 assessment roll of the City of White Plains.

Adjudged that the petition is granted, with costs, the determination is annulled, and the matter is remitted to the New York State Board of Real Property Services for a new hearing and determination.

The petitioner, City of White Plains, filed an administrative complaint challenging a determination by the respondent, New York State Board of Real Property Services (hereinafter the Board), establishing a tentative state equalization rate for the

City. After a hearing at which two Board members were physically present and one participated by telephone, the Board issued a determination establishing a final state equalization rate for the City. The City commenced this proceeding to challenge that determination, arguing, inter alia, that the determination must be annulled because it was rendered without the required quorum. We remit the matter to the Board for a new hearing and determination.

The Board is a body created by RPTL 200, consisting of five members appointed by the governor. When a municipality files an administrative complaint challenging the Board's determination of a tentative state equalization rate, the Board may not delegate the authority to review that determination, but must meet as a body and review it as a body (*see* RPTL 202 [2] [a]; 9 NYCRR 186-15.12 [a]). When establishing a final state equalization rate for a municipality, the Board is subject to the quorum requirements of General Construction Law § 41 (*see Matter of Town of Smithtown v Moore,* 11 NY2d 238, 243 [1962]; *see generally Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86, 90-91 [2001]; *Matter of Wolkoff v Chassin,* 89 NY2d 250, 254 [1996]). Thus, in order for the Board to validly exercise a public duty, at least three board members must be "gathered together in the presence of each other or through the use of videoconferencing" (General Construction Law § 41), and assent to a proposed resolution (*see Matter of Town of Smithtown v Moore, supra; see also* Public Officers Law § 102 [1]; § 103 [c]; § 104 [4]). Here, this did not occur. The third member of the Board was only present by telephone, and we are not aware of any case extending recent amendments to the General Construction Law and the Public Officers Law granting public officials the right to participate in public meetings by means of videoconferencing to allow participation by telephone conferencing (*see* L 2000, ch 289; *Matter of Wolkoff v Chassin, supra* at 254-255; *cf.* Not-for-Profit Corporation Law § 708 [c]). Had the Legislature intended such a result, it could have expressly provided for it (*see generally Walker v Town of Hempstead,* 84 NY2d 360, 367-368 [1994]; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 676 [1988]; *Matter of Roberts v Community School Bd. of Community Dist. No. 6,* 66 NY2d 652, 654 [1985]; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345 [1982]; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205, 208-209 [1976]). Further, the presence of a quorum is so fundamental to the Board's power to act that the issue may be reached even in the absence of an objection or the exhaustion of administrative remedies (*see Matter of Tall*

*Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, supra; Matter of Wolkoff v Chassin, supra; Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation,* 87 NY2d 136, 140 [1995]; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]). Accordingly, we annul the determination and remit the matter to the Board for a new hearing and determination.

In light of our determination, we do not reach the merits of the City's substantive challenges to the Board's determination. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.