■ In the Matter of JEFFREY SOLOMON, Respondent-Appellant, v PATRICIA J. LANCASTER, as Commissioner of Buildings of the City of New York, Appellant-Respondent. [798 NYS2d 43]—

Order and judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about October 5, 2004, which, in a proceeding to annul the determination of respondent Commissioner of Buildings denying petitioner's application for a master electrician's license, granted the application to the extent of remanding the matter to respondent for reconsideration after a new hearing before the Licensing Board (Board) at which no member of an electricians' union is to participate, unanimously modified, on the law, to delete the provision that no member of an electricians' union is to participate in the new Board hearing, and to substitute therefor a provision that no official of an electricians' union is to participate, and otherwise affirmed, without costs.

We reject respondent's argument that Administrative Code of the City of New York former § 27-3009, applicable to this proceeding, did not require a quorum of the Board when hearing testimony as to petitioner's fitness for the license, and that the determination should not be disturbed because there was not a quorum present at the Board's first session when petitioner's testimony was heard. Section 27-3009 (a) and (b) charged the Board "to determine the fitness of applicants for licenses," directed that "[f]our members including the chairperson, who shall be entitled to vote, shall constitute a quorum . . . for the transaction of business," and prohibited adoption of a recommendation for the issuance of a license "except by the vote of at least four members." According to respondent, the section applied only when a vote or action was taken, not when testimony was heard, which could be reviewed by reading the minutes, i.e., that the hearing of testimony was not a "transaction of business" within the meaning of the section. We are not persuaded (*see Matter of Del Vecchio v Lalla*, 136 AD2d 820, 821 [3d Dept 1988]; *see generally Kurcsics Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). We find that the hearing of live testimony was fundamental to the Board's investigation of petitioner's fitness, and was a transaction of business requiring a quorum. Accordingly, regardless of whether the noncompliance actually caused petitioner any harm (*see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d 531, 536-537 [1992]), and notwithstanding that petitioner did not object to the absence of a quorum at the time of the hearing (*see Matter of City of White Plains v New York State Board of Real Prop. Servs.*, 18 AD3d 549, 550-551 [2d Dept 2005]), there

should be a new hearing in the presence of a quorum. In view of the foregoing, we do not reach the issue of whether respondent's determination is supported by substantial evidence (*see id.* at 551).

Given that petitioner is a principal of a nonunion shop and therefore a competitor of electricians' unions, board member McEleron, as an official of an electricians' union, had a substantial pecuniary interest in the matter and should have recused himself (*cf. Gibson v Berryhill*, 411 US 564, 579 [1973]; *compare Matter of Sullivan v Miele*, 226 AD2d 308, 308-309 [1st Dept 1996], *with Matter of Flores v New York State Educ. Dept.*, 146 AD2d 881, 881 [3d Dept 1989]). However, on remand, only McEleron or other union officials, not mere members, should be disqualified (*see Sullivan* at 308-309), as the latter would not have the same substantial pecuniary interest as the union itself.

We reject petitioner's argument that he is entitled to a default judgment because respondent's answer was verified by her General Counsel who has no personal knowledge of the facts. The certified transcripts and exhibits contained in the record make the issues raised herein capable of review (*cf. Matter of Castell v City of Saratoga Springs*, 3 AD3d 774 [3d Dept 2004]). We decline petitioner's request to advise the Board as to the scope of its inquiry on remand. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Marlow, Sullivan, Ellerin and Nardelli, JJ.