■ In the Matter of TOWN OF EASTCHESTER, et al., Petitioners, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [808 NYS2d 90]—

Proceeding pursuant to CPLR article 78 and RPTL 1218 to review six determinations of the New York State Board of Real Property Services, all dated June 10, 2003, which established the final state equalization rates for the 2002 assessment rolls of the Towns of Eastchester, Greenburgh, Scarsdale, and Cortlandt, and the Cities of Rye and Mount Vernon.

Adjudged that the petition is granted, on the law and as a matter of discretion, with costs, the determinations are annulled, and the matter is remitted to the New York State Board of Real Property Services for new hearings and determinations consistent herewith.

In February and March 2003 the New York State Board of Real Property Services (hereinafter the State Board) established the petitioners' tentative state equalization rates for 2002. The petitioners each filed a complaint with the State Board challenging their tentative equalization rate. Following administrative hearings on the petitioners' complaints, the State Board established the petitioners' final state equalization rates at its meeting held on June 10, 2003. The petitioners commenced this CPLR article 78 proceeding pursuant to RPTL 1218 to review those determinations.

The petitioners failed to demonstrate either that the methodology employed by the State Board in establishing their final equalization rates was not rational or that the final equalization rates were not supported by substantial evidence (*see Matter of Town of Cortlandt v New York State Bd. of Real Prop. Servs.,* 288 AD2d 389; *Matter of Town of Yorktown v State Bd. of Real Prop. Servs.,* 275 AD2d 792 [2000]; *Matter of Town of Greenburgh v New York State Bd. of Real Prop. Servs.,* 275 AD2d 787

[2000]; *Matter of Town of Middletown v State Bd. of Real Prop. Servs.*, 272 AD2d 657 [2000]), or that they were not afforded a fair hearing (*see Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs.*, 274 AD2d 856 [2000]; *Matter of Cohen v Mills*, 271 AD2d 826 [2000]; *Matter of Town of Greenburgh v New York State Bd. of Equalization & Assessment*, 226 AD2d 546 [1996]; *Matter of Moss v Chassin*, 209 AD2d 889 [1994]).

Nevertheless, the State Board's determinations establishing the 2002 final equalization rates should be annulled because the State Board failed to act in compliance with General Construction Law § 41. It is the statutory duty of the State Board to, among other things, establish state equalization rates on an annual basis (*see* RPTL 202 [1] [b]; 1202 [1] [a]). RPTL 1208 provides, inter alia, that the State Board, or a duly-authorized representative, shall meet to hear complaints in relation to equalization rates. While the State Board may delegate its power and duty to establish equalization rates, it may not delegate the power to make a final determination in a matter in which a complaint has been filed pursuant to RPTL articles 6 and 12 (*see* RPTL 202 [2] [a]).

By statute, the State Board is to be comprised of five members (*see* RPTL 200). At the time of the June 10, 2003 meeting, there was an unfilled vacancy. One member was absent from the meeting, two members were physically present, and one member participated by telephone conference call. There is no dispute that the quorum requirement of General Construction Law § 41 applies to the State Board in establishing final equalization rates (*see Matter of Town of Smithtown v Moore*, 11 NY2d 238, 243-244 [1962]). That statute provides that a majority of the whole number of persons comprising a board is required to constitute a quorum and to exercise the board's power, authority or duty.

General Construction Law § 41 was amended to specifically define the quorum and voting requirements in terms of a majority of the board "gathered together in the presence of each other or through the use of videoconferencing" (L 2000, ch 289, § 5, eff Aug. 23, 2000). Pursuant to the maxim of statutory construction expressio unius est exclusio alterius, "where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240). Significantly, this is not a case of mere legislative silence or inaction. The Senate Memorandum in Support of the amendment acknowledged that "[t]he Open Meetings Law has been

construed as not allowing for telephonic voting in these circumstances. Committee on Open Government Advisory Opinion #OML-AO-2430 (1994)" (Senate Mem in Support of L 2000, ch 289, § 5, 2000 McKinney's Session Laws of NY, at 1734). Since the amendment to General Construction Law § 41 recites that a quorum may be constituted only by a majority of the board gathered together in each other's presence or through the use of videoconferencing, it must therefore be inferred that the omission by the Legislature of telephonic participation was intentional (*see Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health,* 84 NY2d 252, 262 [1994]).

In this case, three members were required to meet to constitute a majority of the five-member State Board. Because General Construction Law § 41 contains no provision authorizing participation by telephone conference call, only the votes cast by the members actually present at the meeting can be counted towards a majority vote. As there were only two State Board members present, the quorum and majority voting requirements were not satisfied (*see* General Construction Law § 41) and, thus, the determinations purporting to establish the petitioners' final equalization rates are invalid. In so holding, we reject the State Board's contention that the petitioners' failure to raise their present objection to the constitution of the State Board at the administrative level constituted a waiver of the issue. It is noted that pursuant to the State Board's own rules, attendance by representatives of the municipality at administrative hearings before the State Board is optional (*see* 9 NYCRR 186-15.5). Therefore, we annul the determinations establishing the petitioners' 2002 final equalization rates (*see Matter of City of White Plains v New York State Bd. of Real Prop. Servs.,* 18 AD3d 549 [2005]), and remit the matter to the State Board for new hearings and determinations consistent herewith. Florio, J.P., Schmidt, Santucci and Luciano, JJ., concur.