In the Matter of VICTORIA PETERSEN et al., Respondents, v INCORPORATED VILLAGE OF SALTAIRE et al., Appellants. [909 NYS2d 750]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to, in effect, compel the Board of Trustees of the Incorporated Village of Saltaire to conduct public meetings and public hearings within the geographical boundaries of the Incorporated Village of Saltaire, the Incorporated Village of Saltaire and the Board of Trustees of the Incorporated Village of Saltaire appeal, as limited by their brief, from so much of a

judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated September 3, 2009, as, in effect, granted that branch of the petition which was to, in effect, compel the Board of Trustees of the Incorporated Village of Saltaire to conduct public meetings and public hearings within the geographical boundaries of the Incorporated Village of Saltaire.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to, in effect, compel the Board of Trustees of the Incorporated Village of Saltaire to conduct public meetings and public hearings within the geographical boundaries of the Village of Saltaire is denied, and that portion of the proceeding is dismissed.

The Incorporated Village of Saltaire is a small seasonal community located on Fire Island off the coast of Long Island. Since the Village is inaccessible by car, the residents depend on ferry service, which is extremely limited during the winter and often cancelled or delayed because of adverse weather conditions. On February 4, 2006, the Board of Trustees of the Village (hereinafter the Board) amended chapter 34 of the Code of the Incorporated Village of Saltaire, inter alia, to permit them to conduct official meetings outside the Village under certain circumstances.

On February 3, 2009, the Board, which consists of the Mayor of the Village and four trustees, conducted a public meeting and a public hearing in a conference room located within an office building in midtown Manhattan. The meeting was simultaneously broadcast by means of a two-way video conference hook-up to the main room on the first floor of the Village Hall. The petitioners, who own homes in the Village, commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the Board to conduct all public meetings and public hearings within the geographical boundaries of the Village.

The remedy of mandamus is used to compel the performance of a statutory duty that is ministerial in nature and does not involve the exercise of judgment or discretion (*see Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]). A ministerial act amenable to mandamus has been defined as "a specific act which the law requires a public officer to do in a specified way on conceded facts without regard to his [or her] own judgment" (*Matter of Posner v Levitt*, 37 AD2d 331, 332 [1971]). As a general rule, mandamus to compel is available only when the petitioner's right to performance is "so clear as to admit of no doubt or controversy" (*Matter of Coastal Oil N.Y. v Newton*, 231 AD2d 55, 57 [1997]).

In the case at bar, the petitioners failed to establish that they have a clear legal right to compel the Board to conduct all public meetings and public hearings within the geographical boundaries of the Village. In 1972, the New York State Legislature (hereinafter the Legislature) repealed the former Village Law and enacted the current Village Law, which allows villages throughout the State more freedom to adopt local laws to meet their individual needs (*see* L 1972, ch 892, § 57). Among other changes, the current Village Law omitted section 87 of the former Village Law, which required the board of trustees to hold meetings "at such times and places in the village as it shall, by resolution, provide."

The Latin maxim "expressio unius est exclusio alterius," which means the expression of one thing implies the exclusion of others, is a "standard canon of [statutory] construction" (*Morales v County of Nassau*, 94 NY2d 218, 224 [1999]). Accordingly "where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see Morales v County of Nassau*, 94 NY2d 218 [1999]; *Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.*, 23 AD3d 484, 485 [2005]). Moreover, since the prior statute referred to two provisions and, upon reenactment, the new statute only includes one of those provisions, the inference is that the Legislature intended to omit the absent provision (*see* Statutes § 240). Specifically, the former Village Law included both section 87 (which required trustees to conduct public meetings in the village) and section 88 (which permitted trustees to arrest an absent board member and take him or her before the board), but the revised Village Law only included section 88, which was transferred verbatim to Village Law § 4-412 (2).

The Supreme Court's reliance on the latter statute (i.e., Village Law § 4-412 [2]) as one of the reasons for restraining the Board from holding meetings outside the Village was misplaced. A court's role in interpreting a statute is to ascertain the legislative intent from the words and language that are used, and a court should not extend a statute beyond its express terms or the reasonable implications of its language. Therefore, a court should construe a statute according to its "natural and most obvious sense, without resorting to an artificial or forced construction" (Statutes § 94). Here the natural and most obvious interpretation of the current Village Law is to permit meetings outside the geographical limits of a village where circum-

stances warrant, irrespective of the provisions of Village Law § 4-412 (2), which give the Board the right to "direct[ ] any peace officer . . . or police officer residing within the village to arrest such absent member and take him [or her] before the board."

Additionally, in 2000, the Legislature specifically added "videoconferencing" to several provisions of the Open Meetings Law (Public Officers Law § 100 *et seq.*; *see* L 2000, ch 289, §§ 2-4). For example, Public Officers Law § 102 (1) currently defines the word "meeting" to mean "the official convening of a public body for the purpose of conducting public business, including the use of videoconferencing for attendance and participation by the members of the public body" (*see also* Public Officers Law § 103 [c]; § 104 [4]). At the same time, General Construction Law § 41 was amended to define a quorum in terms of a majority of a board "gathered together in the presence of each other or through the use of videoconferencing" (L 2000, ch 289, § 5).

Accordingly, inasmuch as there is no provision in the Village Law or any other statute which mandates that official Village meetings must take place within the Village borders, and since the relevant statutes permit the use of videoconferencing (*see Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.*, 23 AD3d 484 [2005]; *Matter of City of White Plains v New York State Bd. of Real Prop. Servs.*, 18 AD3d 549 [2005]), it was error for the Supreme Court to grant that branch of the petition which was to, in effect, compel the Board to conduct public meetings and public hearings within the geographical boundaries of the Village. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.