■ MORET PARTNERSHIP, Respondent, v WILLIAM J. SPICKERMAN et al., Respondents, et al., Defendants. STEVEN CHABRA, Intervenor-Appellant. [5 NYS3d 109]—

In an action to foreclose on a real property tax lien, the intervenor, Steven Chabra, appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered June 25, 2013, which, after a hearing to determine the validity of service of process, granted the motion of the defendants William J. Spickerman and Wendy K. Spickerman pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court (Adams, J.) entered October 7, 2010, upon their failure to appear or answer the complaint, and thereupon directed dismissal of the complaint.

Ordered that the order entered June 25, 2013, is reversed, on the law, with costs, and the matter is remitted to the

Supreme Court, Nassau County, for a new hearing to determine the validity of service of process upon the defendants William J. Spickerman and Wendy K. Spickerman, and thereafter for a new determination of their motion pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale.

The plaintiff commenced this action to foreclose on a tax lien on property owned by the defendants William Spickerman and Wendy Spickerman (hereinafter together the Spickerman defendants). A judgment of foreclosure and sale (hereinafter the judgment) was entered upon the Spickerman defendants' failure to answer the complaint or appear, and thereafter the property was sold to the intervenor, Steven Chabra. Subsequently, the Spickerman defendants moved pursuant to CPLR 5015 (a) (4) to vacate the judgment, arguing that jurisdiction over them was not obtained due to improper service of process. The Supreme Court directed a hearing to determine the validity of service of process upon the Spickerman defendants.

At the hearing, the process server testified that his employer maintained a document known as a work ticket that he filled out as a record of each service he effected, but he did not maintain a log book of services. The Supreme Court determined that the process server failed to comply with the record-keeping requirements of General Business Law § 89-u by failing to maintain a log book. Based on this determination alone, the court granted the Spickerman defendants' motion to vacate the judgment and directed dismissal of the complaint for lack of jurisdiction. Chabra appeals.

Contrary to the Spickerman defendants' contention, Chabra has standing to bring this appeal as a party aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]).

Contrary to Chabra's contention, the Supreme Court properly directed a hearing to determine the validity of service of process upon the Spickerman defendants. Their affidavits were sufficient to rebut the presumption of proper service established by the process server's affidavits and necessitated a hearing on the issue of service (*see Machovec v Svoboda*, 120 AD3d 772, 773-774 [2014]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]).

However, the Supreme Court erred in concluding that the process server failed to comply with General Business Law § 89-u by not maintaining a log book, and erred in granting the Spickerman defendants' motion on this basis. General Business Law § 89-u, which applies to process servers outside of the City of New York, requires process servers to "maintain a

legible record of all service made by him [or her] as prescribed in this section" (General Business Law § 89-u [1]). Unlike General Business Law § 89-cc (1), which is applicable in the City of New York, General Business Law § 89-u, which is applicable outside the City of New York, does not expressly require that the "legible record" be "kept in chronological order in a bound, paginated volume" (General Business Law § 89-cc [1]), i.e., a log book. "Pursuant to the maxim of statutory construction expressio unius est exclusio alterius, where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (*Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.*, 23 AD3d 484, 485 [2005] [internal quotation marks and citations omitted]; *see East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d 202, 209 [2009]). Since the legislature did not include a log book requirement for process servers in counties outside of the City of New York, the Supreme Court erred in determining that the process server in Nassau County was required to maintain such log book.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new hearing on the issue of whether service of process was properly effected upon the Spickerman defendants, and for a new determination thereafter on their motion pursuant to CPLR 5015 (a) (4) to vacate the judgment. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.